## THE STATE OF KANSAS v. C. N. KEYS.

1. WITNESS — *Credibility — Instruction.* An instruction that "It does not discredit a witness if he should voluntarily appear without the issuance of a subpœna" is not prejudicial error, where the jury are also told that they may take into consideration any interest which the witness might appear to have, or any bias, prejudice or unfairness manifested by him.

2. ———— *Harmless Error.* An error in charging the jury, which could not have affected the substantial rights of the defendant, affords no grounds for a reversal of the judgment.

*Appeal from Brown District Court.*

PROSECUTION for a violation of the prohibitory liquor law. From a conviction and sentence, the defendant, *Keys*, appeals. The facts appear in the opinion.

*Jas. A. Clark*, for appellant.

*John T. Little*, attorney general, and *W. F. Means*, county attorney, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: C. N. Keys was charged, in an information containing three counts, with the unlawful sale of intoxicating liquors. He was convicted upon a single count, which charged a sale without having procured a permit, and the judgment was that he be imprisoned in the county jail for 30 days, and pay a fine of $100. He complains of the charge of the court.

One of the principal witnesses had, since the institution of the prosecution, removed to Missouri, and a subpoena having been sent to him by mail, he returned and testified in the case. The fact that he had voluntarily returned from Missouri upon the subpoena sent to him was brought out in the testimony, and the court instructed the jury that "It does not discredit a witness if he should voluntarily appear without the issuance of a subpoena." It is urged that the circumstance of his return tended to show the interest of the witness in the case, and that every fact affecting the credibility of the witness should have been submitted to the jury. It is true that every act and circumstance affecting the credibility of a witness may be considered by the jury in order to determine the weight to which his testimony is entitled, but the court was correct in holding that the voluntary appearance of a witness without a subpoena is of itself insufficient to discredit him. The charge included the further instruction that the jury were the exclusive judges of the credibility of all the witnesses, and that they might take into consideration any

interest that the witnesses might appear to have, or any bias, prejudice or unfairness manifested by them. It thus appears that no fact affecting the credibility of the witness was taken from the jury.

In the course of the charge, the court remarked that the giving away of intoxicating liquors to a boy under 21 years of age is a violation of the prohibitory liquor law. As the information does not charge the defendant with giving or selling liquors to a minor, this portion of the charge was inapplicable and improper. There is no testimony respecting a gift of liquor to anyone, and it appears that the only liquor furnished about which there is any testimony was that which was sold and paid for at the time of sale. As all the testimony offered in the case related to the sale as charged in the information, the inadvertent reference to a gift of liquor could not have prejudiced the rights of the defendant. An error which does not affect the substantial rights of the defendant affords no ground for a reversal.

The court informed the jury that, under the statute, whisky is an intoxicating liquor, and that it was unnecessary for the state to prove that it is intoxicating. The making of this statement does not justify the claim that the court thereby assumed that the defendant had sold whisky, as in other portions of the charge the jury were expressly instructed that the state must prove the unlawful sale beyond a reasonable doubt; and failing in that, there must be a verdict of acquittal.

We find no material error in the record, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.